Bartley, C. J.,
concurred in the decision dismissing the bill, for the reasons following, in addition to those stated in the opinion of the majority of the court:
1. The decree sought to be reviewed was not final upon the controversy between the parties, and, therefore, not the subject-matter of a bill of review.
A bill of review must come under the head of either original or appellate jurisdiction. If it be a distinct and original proceeding, and, therefore, a matter of original jurisdiction, this bill must be dismissed, on the ground that it is not included in the original 160] jurisdiction of this court prescribed by the constitution. If it fall within the appellate jurisdiction of this court, it is on the ground that it is a mere continuation of, and an additional proceeding in, the original case, over which we had already acquired jurisdiction by appeal. And if the bill of review be simply a renewal and prolongation of the original case, the decree under the bill of review, being a mere supplemental or additional step or proceeding in the original case, can not be the subject-matter of another bill of review, unless it be a final disposition of the controversy involved in the original case. The decree of reversal, however, in this case, simply set aside the decree of foreclosure in the common pleas, leaving the rights of the parties in the original case unsettled,, and directing further proceedings by the proper steps, by *161 •which .a final decree could be had, conclusive upon the parties. Had this court, after setting aside the decree of foreclosure, retained-the case for further proceedings and final decree, it would scarcely have been claimed by any one that the progress of the case could, have been interrupted by a bill of review .to reverse the decree of reversal. And how much more absurd to say that the same thing could be done after the cause had been remanded, the jurisdiction of the common pleas over the case had attached, and while that, court was proceeding with an amended bill, new and additional parties made, and new answers filed; or where, for aught we know,, a final decree on the whole merits of the case, settling all the equities of the parties, may have been rendered before this time.
2. Jurisdiction has not been conferred on the Supreme Court by-statute, to supervise its own decrees in chancery, by bill of review ; and such jurisdiction is not usual or proper in the court of last resort.
The decision in this case, at the December term, 1855, on the-motion to dismiss this bill of %’eview which is reported in [161 4 Ohio St. 690, is not conclusive on this court. That decision was made without a full court; and with all proper deference for the opinions of the learned judges by whom the decision was made, he-deemed it proper to say that it never received his assent, and he did not regard it as a well-considered decision. The very fact that the important preliminary question upon which a majority of the-court now concur in dismissing the bill, was in that decision wholly overlooked, or passed without notice, shows that the decision was-made without full consideration. Besides, the manifest effect of that decision, if it prevail, is to overrule the doctrine of the decision in. this case, on the petition for rehearing, reported in 2 Ohio St. 104, which he regarded as good law.
3. The further and prolonged investigation of this case since the decision reversing the decree of the common pleas, reported in 1 Ohio-St. 545, has only tended to strengthen his convictions of the correctness of that decision, which established a sensible and practical rule resting on reason, instead of making the aj^pearance of a lunatic,, in a suit against him, by. a guardian ad litem, a mere useless matter-of form.